

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00106-CR

_____

REGINALD RONARD HALL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 22859

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Reginald Ronard Hall appeals from his jury convictions for two counts of delivery of a controlled substance in a drug-free zone. Hall was sentenced as a repeat offender to twenty years' imprisonment on the first count and to ten years' imprisonment on the second count, with the sentences to run concurrently. He was represented by appointed counsel at trial and on appeal.

Hall's attorney has filed a brief which discusses the record and reviews the proceedings. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Hall November 25, 2009, informing Hall of his right to file a pro se response and of his right to review the record. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal. Hall has neither filed a pro se response nor requested an extension of time in which to file such response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We do note, however, that the trial court's judgment on count two in this case indicates the degree of the offense is a second-degree felony. The offense for count two is a third-degree

2

felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(d) (Vernon Supp. 2009). The punishment range was correctly enhanced to that of a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a)(3) (Vernon Supp. 2009). This Court has the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607 (Tex. Crim. App. 1992). In *Asberry v. State*, 813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd), the court noted that the authority of the appellate court to modify incorrect judgments is not dependent on request of any party; the appellate court may act sua sponte. The Texas Rules of Appellate Procedure provide direct authority for this Court to modify the judgment of the trial court. TEX. R. APP. P. 43.2. We modify the judgment to reflect the correct degree of offense as that of a third-degree felony.

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

As modified, we affirm the judgment of the trial court.[1]



Josh R. Morriss, III
Chief Justice


Date Submitted:     February 11, 2010
Date Decided:       February 23, 2010

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders,* grant counsel's request to withdraw from further representation of Hall in this case. No substitute counsel will be appointed. Should Hall wish to seek further review of this case by the Texas Court of Criminal Appeals, Hall must either retain an attorney to file a petition for discretionary review or Hall must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.